IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPMARK FINANCE INC., as | § | |
| Servicer for U.S. BANK NATIONAL | § | |
| ASSOCIATION, as Trustee for the | § | |
| Registered Holders of FMAC LOAN | § | |
| RECEIVABLES TRUST 1998-A | § | |
| | § | |
| Plaintiff, | § | NO. 3-07-CV-1717-BD |
| | § | |
| VS. | § | |
| | § | |
| TW SOUTH, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Capmark Finance Inc., as Servicer for U.S. Bank National Association f/k/a First

Bank National Association, as Trustee for the Registered Holders of the 1998 FMAC Loan

Receivables Trust 1998-A, has filed a motion for summary judgment in this civil action to collect

more than $4.5 million due and owing on six defaulted promissory notes.  For the reasons stated

herein, the motion is denied.

I.

On or about January 20, 1998, Defendants TW South, Inc. ("TW South"), Pioneer

Management Corporation ("Pioneer Management"), Pioneer Properties Management, L.L.C.

("Pioneer Properties"), and Unity Management Systems, Inc. ("Unity"), borrowed a total of

$5,130,000 from Franchise Mortgage Acceptance Company, L.L.C. ("FMAC") to refinance the debt

of seven El Chico restaurants in Texas, Louisiana, Arkansas, and Oklahoma.  (Plf. Compl. at 3, ¶ 9;

Averett Aff. at 2-3, ¶ 5).  Defendants simultaneously executed six promissory notes, consisting of:

- four secured promissory notes from TW South in the principal amounts of $819,000, $515,000, $590,000, and $626,000;

- one secured promissory note from Pioneer Management and Pioneer Properties in the principal amount of $1,350,000; and

- one secured promissory note from Unity in the principal amount of $1,230,000.

(*See* Plf. Compl. at 3-4, ¶ 10; Averett Aff. at 3, ¶ 6). All six promissory notes were guaranteed by C.C. Theophine Chamakala, an owner, officer, or director of each of the defendants, who promised the full and punctual payment and performance of all obligations due and owing under the notes. (*See* Plf. Compl. at 5, ¶ 15, Averett Aff. at 3, ¶ 8). The original loan was securitized and the original notes were transferred to U.S. Bank National Association f/k/a First Bank National Association, as Trustee for the Registered Holders of the 1998 FMAC Loan Receivables Trust 1998-A (the "Secured Party").[1]  (*See* Plf. Compl. at 5, ¶¶ 16-17, Averett Aff. at 3-4, ¶¶ 9-10).

Thereafter, the Secured Party, TW South, Pioneer Management, Pioneer Properties, and Unity restructured the original loan and, in connection therewith, defendants executed six separate Severed Amended and Restated "A" Notes ("'A' Notes"), six separate Severed Amended and Restated "B" Notes ("'B' Notes"), and a Servicer Advance Promissory Note ("SAN"). (*See* Plf. Compl. at 6, ¶ 21; Averett Aff. at 4, ¶ 12 & Exhs. C-O). Chamakala also guaranteed payment and performance of the restructured notes. (*See* Plf. Compl. at 7, ¶ 25; Averett Aff. at 4, ¶ 13 & Exh. P).

Defendants stopped making regular monthly debt service payments under the "A" Notes and SAN in or about January 2007. (*See* Plf. Compl. at 8, ¶ 31; Averett Aff. at 5, ¶ 14). In accordance with the terms of the loan documents, plaintiff issued a notice of default to defendants, accelerated

---

[1] As part of the securitization, FMAC entered into a servicing agreement with the Secured Party. (*See* Plf. Compl. at 5, ¶ 17; Averett Aff. at 3-4, ¶ 10). Among other things, the servicing agreement authorized FMAC to bring actions on behalf of the Secured Party. (*Id.*). Plaintiff is the successor-in-interest to FMAC under the servicing agreement. (*See* Plf. Compl. at 5, ¶ 18, Averett Aff. at 4, ¶ 11).

the debt, and demanded payment of the total amount of indebtedness under the "A" Notes, "B" Notes, and SAN.[2] (*See* Plf. Compl. at 8, ¶¶ 32-33; Averett Aff. at 5, ¶¶ 15-16 & Exhs. Q & R). Upon receipt of this demand, defendants entered into a forbearance agreement with plaintiff, as servicer, agreeing to make certain payments if the Secured Party did not exercise its rights under the restructured loan documents and the amended and restated promissory notes. (*See* Plf. Compl. at 8, ¶ 34; Averett Aff. at 5-6, ¶ 18 & Exh. S). The forbearance agreement expired on September 30, 2007, and defendants have not made any payments since that date. (*See* Averett Aff. at 6, ¶ 20). When defendants failed to cure their default, plaintiff filed suit in federal district court.[3]

Plaintiff now moves for summary judgment on its claims against TW South, Pioneer Management, Pioneer Properties, and Unity in the amount of $4,732,973.60, representing the aggregate principal and accrued unpaid interest due and owing on the notes as of December 1, 2007, together with default interest, late charges, and other expenses, including attorney's fees. Defendants were ordered to file a response to the motion by February 29, 2008, (*see* Doc. #43), but have failed to do so. The court therefore considers the summary judgment motion without the benefit of a response.

## II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U .S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment

---

[2] Plaintiff acknowledges that it erroneously omitted Pioneer Properties as an addressee on the default notice and the acceleration notice. (Averett Aff. at 5, ¶ 17 & Exh. T). In view of the disposition of this motion, the court need not decide whether this omission prevents plaintiff from obtaining a judgment against Pioneer Properties on the defaulted notes. However, plaintiff should be prepared to address this issue if it refiles its motion for summary judgment.

[3] Plaintiff also sued Chamakala for defaulting on his personal guarantees. However, the claims against Chamakala were stayed after he filed for bankruptcy. *See* Order, 3/6/08.

movant who has the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See, e.g. United States v. Arinze*, No. 3-06-CV-1537-BD, 2006 WL 3392884 at *1 (N.D. Tex. Nov. 21, 2006) (Kaplan, J.), *citing United States v. Chumbley*, No. 3-99-CV-1848-BC, 2000 WL 1010673 at *2 (N.D. Tex. Jul. 20, 2000) (citing cases). In order to prevail on its motion, plaintiff must establish that: (1) defendants executed the promissory notes; (2) the Secured Party is the present owner and holder of the notes; and (3) the notes are in default. *Id*; *see also FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). The second element is not met here. Nothing in the record establishes that the Secured Party is the present owner and holder of the *amended and restated* notes executed as part of the restructured loan transaction and under which the defendants are alleged to be in default. Instead, the affidavit of Mark Averett, Senior Asset Manager for Capmark Finance, states that the Secured Party is "the current owner and holder, and is in physical

possession of the *Original* Notes and Personal Guarantees." (Averett Aff. at 6, ¶ 22) (emphasis added). Copies of the restructured loan documents submitted by plaintiff clearly provide that each of the original notes was "cancelled[,] replaced, supplanted and superseded" by the amended and restated notes. (Averett Aff., Exh. A at 17, ¶ 2.7(b)). That the Secured Party is the holder of a cancelled note does not entitle plaintiff to summary judgment.

Plaintiff's burden is not onerous. Generally, the affidavit of a records custodian is sufficient to prove ownership of a note. *See McCrary*, 977 F.2d at 194. In this case, however, there simply is no allegation -- much less evidence -- that the Secured Party is the current owner and holder of the amended and restated notes. Because plaintiff has failed to establish "beyond peradventure" an essential element of its claim, summary judgment is not proper.

## CONCLUSION

Plaintiff's motion for summary judgment [Doc. #35] is denied. If plaintiff is able to prove that the Secured Party is the present owner and holder of the amended and restated promissory notes, it may file another motion for summary judgment within 30 days from the date of this order. Otherwise, the court will set this case for trial.

SO ORDERED.

DATED: March 12, 2008.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE