IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPMARK FINANCE INC., as Servicer for U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of FMAC LOAN RECEIVABLES TRUST 1998-A | § § § § § § | |
| Plaintiff, | § | NO. 3-07-CV-1717-BD |
| VS. | § § § | |
| T.W. SOUTH, INC., ET AL. | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Capmark Finance Inc., as Servicer for U.S. Bank National Association f/k/a First Bank National Association, as Trustee for the Registered Holders of the FMAC Loan Receivables Trust 1998-A, has filed a renewed motion for summary judgment in this civil action to collect more than $4.5 million due and owing on six defaulted promissory notes. For the reasons stated herein, the motion is granted.

I.

On or about January 20, 1998, Defendants TW South, Inc. ("TW South"), Pioneer Management Corporation ("Pioneer Management"), Pioneer Properties Management, L.L.C. ("Pioneer Properties"), and Unity Management Systems, Inc. ("Unity") borrowed a total of $5,130,000 from Franchise Mortgage Acceptance Company, L.L.C. ("FMAC") to refinance the debt of seven El Chico restaurants in Texas, Louisiana, Arkansas, and Oklahoma. (Plf. Compl. at 3, ¶ 9; Rickard Aff. at 4, ¶ 11). Defendants simultaneously executed six promissory notes, consisting of:

- four secured promissory notes from TW South in the principal amounts of $819,000, $515,000, $590,000, and $626,000;

- one secured promissory note from Pioneer Management and Pioneer Properties in the principal amount of $1,350,000; and

- one secured promissory note from Unity in the principal amount of $1,230,000.

(*See* Plf. Compl. at 3-4, ¶ 10; Rickard Aff. at 4, ¶ 12). All six promissory notes were guaranteed by C.C. Theophine Chamakala, an owner, officer, or director of each of the defendants, who promised the full and punctual payment and performance of all obligations due and owing under the notes. (*See* Plf. Compl. at 5, ¶ 15). The original loan was securitized and the original notes were transferred to U.S. Bank National Association f/k/a First Bank National Association, as Trustee for the Registered Holders of the FMAC Loan Receivables Trust 1998-A (the "Secured Party").[1] (*See* Plf. Compl. at 5, ¶¶ 16-17, Rickard Aff. at 4, ¶¶ 14-15).

Thereafter, the Secured Party, TW South, Pioneer Management, Pioneer Properties, and Unity restructured the original loan and, in connection therewith, defendants executed six separate Severed Amended and Restated "A" Notes ("'A' Notes"), six separate Severed Amended and Restated "B" Notes ("'B' Notes"), and a Servicer Advance Promissory Note ("SAN"). (*See* Plf. Compl. at 6, ¶ 21; Rickard Aff. at 5, ¶ 17; Plf. MSJ App., Exhs. C-O). Chamakala also guaranteed payment and performance of the restructured notes. (*See* Plf. Compl. at 7, ¶ 25). Defendants stopped making regular monthly debt service payments under the "A" Notes and SAN in or about January 2007. (*See* Plf. Compl. at 8, ¶ 31; Rickard Aff. at 5, ¶ 18). In accordance with the terms of the loan documents, plaintiff issued a notice of default to defendants, accelerated the debt, and

---

[1] As part of the securitization, FMAC entered into a servicing agreement with the Secured Party. (*See* Plf. Compl. at 5, ¶ 17, Rickard Aff. at 4, ¶ 15). Among other things, the servicing agreement authorized FMAC to bring actions on behalf of the Secured Party. (*Id.*). Plaintiff is the successor-in-interest to FMAC under the servicing agreement. (*See* Plf. Compl. at 5, ¶ 18, Rickard Aff. at 5, ¶ 16).

demanded payment of the total amount of indebtedness under the "A" Notes, "B" Notes, and SAN.[2] (*See* Plf. Compl. at 8, ¶¶ 32-33; Rickard Aff. at 5-6, ¶¶ 19-20; Plf. MSJ App., Exhs. 2 & 3). Upon receipt of this demand, defendants entered into a forbearance agreement with plaintiff, as servicer, agreeing to make certain payments if the Secured Party did not exercise its rights under the restructured loan documents and the amended and restated promissory notes. (*See* Plf. Compl. at 8, ¶ 34; Rickard Aff. at 6, ¶ 22; Plf, MSJ App., Exh. 4). The forbearance agreement expired on September 30, 2007, and defendants have not made any payments since that date. (*See* Rickard Aff. at 7, ¶ 24). When defendants failed to cure their default, plaintiff filed suit in federal district court.[3]

On January 29, 2008, plaintiff filed a motion for summary judgment on its claims against TW South, Pioneer Management, Pioneer Properties, and Unity. That motion was denied because plaintiff failed to adduce any evidence that it was the present owner and holder of the amended and restated notes executed as part of the restructured loan transaction and under which the defendants are alleged to be in default. See *Capmark Finance Inc. v. TW South, Inc.*, No. 3-07-CV-1717-BD, 2008 WL 918265 at *2-3 (N.D. Tex. Mar. 12, 2008). In its renewed motion for summary judgment, plaintiff attempts to cure this defect with additional evidence showing that the FMAC Loan Receivables Trust 1998-A is "the owner and holder of the Notes," and that plaintiff "is authorized to enforce the Notes on behalf of the Trustee and the Trust." (Plf. MSJ App. at 002, ¶ 6). Defendants were ordered to file a response to the motion by April 29, 2008, (*see* Doc. #59), but have

---

[2] Plaintiff acknowledges that it erroneously omitted Pioneer Properties as an addressee on the default notice and the acceleration notice. (Rickard Aff. at 6, ¶ 21 & Exh. 5). However, proper notices were sent to Chamakala, the registered agent for Pioneer Properties. (Plf. MSJ App., Exhs. 2 & 3; *see also* Def. Ans. at 2, ¶ 4 & 5, ¶ 32). Under Texas law, notice to the agent is the equivalent of giving notice to the principal. See *F.D.I.C. v. Adam*, 18 F.3d 936 (Table), 1994 WL 83598 at *3 n.6 (5th Cir. Feb. 25, 1994), citing *Sturtevant v. Pagel*, 130 S.W.2d 1017, 1018 (Tex. 1939).

[3] Plaintiff also sued Chamakala for defaulting on his personal guarantees. However, the claims against Chamakala were stayed after he filed for bankruptcy. *See* Order, 3/6/08.

failed to do so. The court therefore considers the renewed motion for summary judgment without the benefit of a response.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A summary judgment movant who has the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). Where, as here, the non-movant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant. *See Tillison v. Trinity Valley Electric Cooperative, Inc.*, No. 3-03-CV-2480-D, 2005 WL 292423 at *1 (N.D. Tex. Feb. 7, 2005), *citing Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Lawsuits involving promissory notes are particularly suited for disposition by summary judgment. *See, e.g. United States v. Arinze*, No. 3-06-CV-1537-BD, 2006 WL 3392884 at *1 (N.D. Tex. Nov. 21, 2006) (Kaplan, J.), *citing United States v. Chumbley*, No. 3-99-CV-1848-BC, 2000 WL 1010673 at *2 (N.D. Tex. Jul. 20, 2000) (citing cases). In order to prevail on its motion, plaintiff must establish that: (1) defendants executed the promissory notes; (2) the Secured Party

is the present owner and holder of the notes; and (3) the notes are in default. *Id*; *see also FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992). All three elements are met here. The evidence submitted by plaintiff, including the loan documents, the promissory notes, and the affidavit of James C. Rickard, establish "beyond peradventure" that defendants executed each of the notes in question and that defendants are in default under the notes. Although plaintiff is unable to locate the original restructured loan documents, including the restructured notes, a Lost Note Affidavit executed by Patricia M. Child, Vice President of U.S. Bank National Association, states that the FMAC Loan Receivables Trust 1998-A is "the owner and holder of the Notes" and that plaintiff "is authorized to enforce the Notes on behalf of the Trustee and the Trust." (Plf. MSJ App. at 002, ¶ 6). As of October 1, 2007, the aggregate unpaid principal balance owed by defendants to the Secured Party was $4,582,436.00, exclusive of interest, late fees, penalties, and default interest. (Rickard Aff. at 7, ¶ 28). Without any evidence or argument from defendants to controvert these facts, plaintiff is entitled to judgment as matter of law.

## CONCLUSION

Plaintiff's renewed motion for summary judgment [Doc. #55] is granted. Plaintiff is entitled to judgment against TW South, Inc., Pioneer Management Corporation, Pioneer Properties Management, L.L.C., and Unity Management Systems, Inc., in the amount of $4,582,436.00, representing the unpaid principal balance due and owing under the notes made the basis of this suit, together with any other interest, late fees, penalties, charges, or expenses allowed under the notes. The parties are directed to confer on the calculation of principal, interest, and other charges, and submit a proposed judgment to the court by **May 20, 2008.** Because the court intends this to be a final judgment as to all of plaintiff's claims against these defendants, the judgment should expressly state that "there is no just reason for delay, and the clerk is directed to enter a final judgment against

TW South, Inc., Pioneer Management Corporation, Pioneer Properties Management, L.L.C., and Unity Management Systems, Inc." *See* Fed. R. Civ. P. 54(b).

The parties are also directed to confer on the amount of attorney's fees to be awarded to plaintiff as the prevailing party in this action. If this issue cannot be resolved by agreement, plaintiff may file an application for attorney's fees and expenses within 14 days after the judgment is entered. *See* Fed. R. Civ. P. 54(d)(2).

SO ORDERED.

DATED: May 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE